FILED

JUN 1 3 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL OWENS,<br>CDCR #P-67565,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br>D. BELL; I. DE LA TORRE;<br>R. CASILLAS; DOES 1 - 100,<br><br><br>                                    Defendants. | Civil    14cv1252 WQH (PCL)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S<br>MOTION TO PROCEED** *IN<br>FORMA PAUPERIS,*<br>**IMPOSING<br>NO INITIAL PARTIAL<br>FILING FEE AND<br>GARNISHING BALANCE<br>FROM PRISONER'S TRUST<br>ACCOUNT PURSUANT<br>TO 28 U.S.C. § 1915(a)<br>[ECF No. 2]; AND**<br><br>**(2)  DIRECTING U.S.<br>MARSHAL TO EFFECT<br>SERVICE OF COMPLAINT<br>PURSUANT TO<br>FED.R.CIV.P. 4(c)(3) &<br>28 U.S.C. § 1915(d)** |

Paul Owens ("Plaintiff"), a prisoner currently incarcerated at Corcoran State Prison located in Corcoran, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was housed at Calipatria State Prison in 2013. (*See* Comp. at 1.)

///

1    Plaintiff has not prepaid the $350 filing fee, along with the $50 administrative fee,

2    mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma*

3    *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

4    **I.    MOTIONS TO PROCEED IFP**

5    All parties instituting any civil action, suit or proceeding in a district court of the

6    United States, except an application for writ of habeas corpus, must pay a filing fee of

7    $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

8    prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

9    § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a

10   prisoner granted leave to proceed IFP remains obligated to pay the entire fee in

11   installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §

12   1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

13   Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

14   ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the

15   trust fund account statement (or institutional equivalent) for the prisoner for the six-month

16   period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2);

17   *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account

18   statement, the Court must assess an initial payment of 20% of (a) the average monthly

19   deposits in the account for the past six months, or (b) the average monthly balance in the

20   account for the past six months, whichever is greater, unless the prisoner has no assets.

21   *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of

22   the prisoner must collect subsequent payments, assessed at 20% of the preceding month's

23   income, in any month in which the prisoner's account exceeds $10, and forward those

24   payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

25   In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

26   account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

27   *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows a current available

28   balance of zero. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner

1 | be prohibited from bringing a civil action or appealing a civil action or criminal judgment
2 | for the reason that the prisoner has no assets and no means by which to pay [an] initial
3 | partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as
4 | a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure
5 | to pay ... due to the lack of funds available.").

6 | Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and
7 | assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350
8 | balance of the filing fees mandated shall be collected and forwarded to the Clerk of the
9 | Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

10 | **II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

11 | The PLRA also obligates the Court to review complaints filed by all persons
12 | proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any
13 | facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of
14 | criminal law or the terms or conditions of parole, probation, pretrial release, or
15 | diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§
16 | 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua
17 | sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail
18 | to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C.
19 | §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
20 | banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)
21 | (discussing 28 U.S.C. § 1915A(b)).

22 | "[W]hen determining whether a complaint states a claim, a court must accept as
23 | true all allegations of material fact and must construe those facts in the light most
24 | favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also*
25 | *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)
26 | "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts
27 | "have an obligation where the petitioner is pro se, particularly in civil rights cases, to
28 | construe the pleadings liberally and to afford the petitioner the benefit of any doubt."

1 │ *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773

2 │ F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential

3 │ elements of claims that were not initially pled." *Ivey v. Board of Regents of the*

4 │ *University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory

5 │ allegations of official participation in civil rights violations are not sufficient to withstand

6 │ a motion to dismiss." *Id.*

7 │ As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the

8 │ sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203

9 │ F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service

10 │ on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

11 │ all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court

12 │ may order that service be made by a United States marshal or deputy marshal ... if the

13 │ plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

14 │ **III.   CONCLUSION AND ORDER**

15 │ Good cause appearing, **IT IS HEREBY ORDERED** that:

16 │ 1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No.

17 │ 2) is **GRANTED**.

18 │ 2.   The Secretary of the California Department of Corrections and

19 │ Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350

20 │ filing fee[2] owed in this case by collecting monthly payments from the account in an

21 │ amount equal to twenty percent (20%) of the preceding month's income and forward

22 │ payments to the Clerk of the Court each time the amount in the account exceeds $10 in

23 │

24 │

25 │ [1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of,
26 │ and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

27 │ [2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013,
28 │ must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1   accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY

2   IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3         3.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A.

4   Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box

5   942883, Sacramento, California, 94283-0001.

6         **IT IS FURTHER ORDERED** that:

7         4.      The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1)

8   upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form

9   285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified

10  copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so

11  that he may serve each named Defendant.  Upon receipt of this "IFP Package," Plaintiff

12  is directed to complete the Form 285s as completely and accurately as possible, and to

13  return them to the United States Marshal according to the instructions provided by the

14  Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall

15  serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff

16  on the USM Form 285s. All costs of service shall be advanced by the United States. *See*

17  28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

18        5.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint

19  within the time provided by the applicable provisions of Federal Rule of Civil Procedure

20  12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to

21  "waive the right to reply to any action brought by a prisoner confined in any jail, prison,

22  or other correctional facility  under section 1983," once the Court has conducted its sua

23  sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made

24  a preliminary determination based on the face on the pleading alone that Plaintiff has a

25  "reasonable opportunity to prevail on the merits," the defendant is required to respond).

26        6.      Plaintiff shall serve upon the Defendants or, if appearance has been entered

27  by counsel, upon Defendants' counsel, a copy of every further pleading or other document

28  submitted for consideration of the Court.  Plaintiff shall include with the original paper

1  to be filed with the Clerk of the Court a certificate stating the manner in which a true and
2  correct copy of any document was served on Defendants, or counsel for Defendants, and
3  the date of service.  Any paper received by the Court which has not been filed with the
4  Clerk or which fails to include a Certificate of Service will be disregarded.

6  DATED: _____    _____
7                                  HON. WILLIAM Q. HAYES
8                                  United States District Judge